IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY L. GOULD, JR., | : | CIVIL ACTION NO. **4:CV-12-0852** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SCHMIDT & KRAMER, P.C.,  et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On May 8, 2012, Plaintiff Gregory L. Gould, Jr., an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, PA,  filed this action, *pro se*, pursuant to  42 U.S.C. § 1983 and 28 U.S.C. §1331. (Doc. 1). Plaintiff also filed a 2-page form  Motion for Leave to Proceed *in forma pauperis*.  (Doc. 2).

The two (2) named Defendants in Plaintiff's 6-page typed Complaint are the law firm of Schmidt & Kramer, P.C., located at 209 State Street, Harrisburg, PA, and Scott B. Cooper, Esq., an attorney employed by  Schmidt & Kramer, P.C.  Plaintiff admits that Defendants are "not state officials" and it is clear that his claims do not relate to the conditions of his confinement at SCI-Rockview.  Rather, Plaintiff states that he is suing Defendants for legal malpractice and that "[t]his is a civil action in TORT."  (Doc. 1, p. 1).   Plaintiff also raises state law claims of misrepresentation and unjust enrichment against Defendants.[1]  To date, Plaintiff's Complaint has not been served on

---

[1]On May 8, 2012, Plaintiff Gould also simultaneously filed a §1983 civil rights action against prison staff at SCI-Rockview seemingly about the conditions of his confinement at the prison. *See Gould v. Wetzel*, Civil No. 12-853, M.D. Pa.

Defendants.

## II. Allegations of Complaint.

Plaintiff alleges that the unnamed mother of his minor child, Basilah Gould (minor child), died in a car accident on September 4, 2009.  Plaintiff alleges  that Defendants Attorney Cooper and Schmidt & Kramer, P.C., law firm along with his father, the grandfather of Basilah Gould, accepted a settlement, against his wishes, on behalf of Basilah in an wrongful death action which was filed on behalf of Basilah's mother against the tortfeasor trucking company involved in the accident.  (Doc. 1, p. 3).  Plaintiff avers that Defendants did not confer with him about the settlement despite the fact that he was the last living biological parent of Basilah.  Plaintiff avers that Defendants misrepresented the facts and that "no one except him ... had the legal authority to make life altering decisions regarding his ... biological daughter."[2]  (*Id*.).  Plaintiff further states that since his daughter Basilah was only ten years old at the time of settlement, "by Defendants representing the minor child of the Plaintiff, they were by law representing [him] [and] thereby legally obligated to [him]." (*Id*.).

Additionally, Plaintiff avers that Defendants were negligent by misrepresenting to the state court that his father, Gregory L. Gould, Sr., and his father's wife were the legal guardians for Basilah

---

[2]We note that the legal guardian ad litem for Basilah and the executor/excutrix of the estate of Basilah's mother would seemingly have the legal authority to institute the wrongful death action, under 42 Pa.C.S. §8301, against the tortfeasor trucking company and to accept or reject the settlement offer in the case.  *See, e.g., Gillette v. Wurst*, 594 Pa. 544, 937 A.2d 430 (2007).  Plaintiff does not indicate if he was the legal guardian ad litem for Basilah and/or the executor of the estate of Basilah's mother. Plaintiff indicates that Defendants improperly represented to the state court that his father and his father's wife were the legal guardians for Basilah.

and, that his father and his father's wife improperly accepted the wrongful death action settlement on behalf of Basilah, without his consent.  Also, Plaintiff avers that Defendants improperly took a legal fee from the unauthorized settlement.  (*Id*., pp. 3-4).  Plaintiff states that he never signed the Custodial Guardianship Agreement Defendants relied upon with respect to their false representation to the state court that his father and his father's wife were the legal guardians for Basilah and, that he withdrew the Custodial Guardianship Agreement before the settlement was reached in the wrongful death action.  (*Id*., p 4).  Plaintiff also states that Defendants failed to contact him to see who he wanted representing his daughter's interests, and that Defendants did not take into consideration his wishes and decedent's wishes for his daughter with respect to the terms of the $500,000 settlement of the wrongful dearth action.   Plaintiff concludes that Defendants were unjustly enriched in the amount of their fee of $125,000 through their misrepresentations and unauthorized settlement of the wrongful death action.  (*Id*.).

As relief, Plaintiff requests that this Court order Defendants to forward him the money they allegedly unjustly received in the wrongful death action, and he seeks compensatory and punitive damages against Defendants.  (*Id.*, pp. 5-6).

As mentioned, Plaintiff also filed a 2-page form Motion for Leave to Proceed *in forma pauperis*.  (Doc. 2).   We find that the Court should grant Plaintiff's Motion to Proceed *in forma pauperis* and shall so recommend. (Doc. 2).  We now screen Plaintiff's Complaint as we are obliged to do.   We have been assigned this case for pre-trial matters.

### III.  Screening of *Pro Se* Complaints – Standard of Review.

Since we will recommend that Plaintiff's Motion to Proceed *in forma pauperis* be granted, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he is not complaining about prison conditions at SCI-Rockview.  As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), "Section 1915(e)(as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006).  Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal  - -
>         (i)      is frivolous or malicious;
>         (ii)     fails to state a claim on which relief may be granted; or
>         (iii)   seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2).  This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under

Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327,
109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that
"[dismissals on these grounds are often made sua sponte prior to the
issuance of process, so as to spare prospective defendants the inconvenience
and expense of answering [frivolous] complaints"). While the original statute
permitted sua sponte dismissal only if an action was frivolous or malicious,
Congress included failure to state a claim and seeking monetary relief from
a defendant immune from suit as additional grounds for sua sponte dismissal
of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d
798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C.
§ 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## IV.  Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate
standard applicable to a motion to dismiss in light of the United

5

States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal

> conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

*See also Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

## V.  Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewcz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

---

[3]As stated above, Plaintiff does not allege in his Complaint that the individual Defendant is a state agent and that the private law firm Defendant is a state agency. In fact, Plaintiff admits that Defendants are "not  state officials." (Doc. 1, p. 1).  Nor does Plaintiff allege that any of his constitutional rights were violated or that Defendants conspired with state officials to violate his constitutional rights.

## VI. Discussion.

Plaintiff's Complaint indicates that this Court's jurisdiction rests upon 42 U.S.C. § 1983 and 28 U.S.C. §1331. (Doc. 1, p. 1).  Plaintiff however is mistaken.  We find that there is no basis for this Court's jurisdiction over this case.   This case is not a §1983 civil rights action since they are simply no state actors or agencies who allegedly violated any constitutional rights of Plaintiff.  Also, there is no federal question jurisdiction over this case  under §1331.[4]   In fact, Plaintiff states that his case is a civil action in tort.   (*Id*.).  Plaintiff indicates that his present action is for "Legal Malpractice."[5]  (Doc. 1, p. 3).  As mentioned, Plaintiff does not complain about the conditions of his confinement at SCI-Rockview.  Rather, Plaintiff's claims all involve the Defendants' handling of

_____

[4]Plaintiff's instant action does not fall within 28 U.S.C. § 1331("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").

[5]To the extent Plaintiff is seeking to file a professional legal malpractice action under state law against Defendants in this case, he was required to file a Certificate of Merit ("COM") under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1).  A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action.  *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.),  2008 WL 4426060 (M.D. Pa.).  "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court."  *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted).  The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule.  *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ*, 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court).

There is no record that Plaintiff filed a COM in this case.  Also, Plaintiff must file his legal malpractice action against Defendants in state court, *i.e.* Dauphin County Court of Common Pleas, since there is no basis for federal jurisdiction over such action.  *See* 28 U.S.C. § 1331 and §1332.

the state court wrongful death action filed on behalf of the estate of the mother of his minor child and on behalf of his child.  In his Complaint, Plaintiff  alleges that Defendant Scott Cooper, Esq., and the Defendant law firm in which he was employed, Schmidt & Kramer, P.C., through misrepresentation, agreed to a settlement with the tortfeasor truck company without his consent. As stated, Plaintiff has not named any state actor or state agency as a Defendant. Nor has Plaintiff alleged that his constitutional rights were violated by Defendants.  Rather, Plaintiff clearly states that his case is for legal malpractice against the  attorney and law firm Defendants who represented the estate of the mother of his minor child and his minor child. Plaintiff avers that Defendants received money as part of the settlement and he claims that he is entitled to it. Plaintiff must raise his present claims in state court against Defendants seemingly in the Dauphin  County Court of Common Pleas. Plaintiff filed this action, in part, as a §1983 civil rights Complaint,  but we find that  this Court does not have jurisdiction over this case. We find that Plaintiff's recourse is to file a legal malpractice action against Defendants in state court.  *See Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.  We find that this Court lacks subject matter jurisdiction over this action.

As noted, we find Plaintiff's Complaint fails to state a cognizable claim under §1983.  In *Hagins v. Spina*, 267 Fed. Appx. 118, 119 (3d Cir. 2008)(Per Curiam), the Court stated:

> On January 16, 2007, Hagins, proceeding pro se, filed a civil rights complaint, under 42 U.S.C. § 1983, in the District Court. In the complaint, Hagins alleged that he had retained Frank Spina, an attorney, to represent him in a criminal case for a fee of $5,000. Spina, however, according to Hagins, quit the case after Hagins's initial appearance in court. Due to this turn of events, Hagins sought a return of $4,000 of his initial payment to Spina. Spina filed a motion to dismiss the case which the District Court granted on July 2, 2007, 2007 WL 1959306. The District Court held that Hagins had failed to state a claim, under Federal Rule of Civil Procedure 12(b)(6), against Spina because Spina's representation of Hagins did not constitute an act under color of state

law. Moreover, the District Court noted that even if Hagins's complaint
were construed as raising an issue of Pennsylvania law, it failed to meet the
necessary threshold amount in controversy requirement to invoke the
District Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. This timely appeal
followed.

The *Hagins* Court also stated:

> We agree with the District Court's analysis. A viable § 1983 claim must be
> based on a right secured by the Constitution and laws of the United States.
> Further, "[t]o make a prima facie case under § 1983, the plaintiff must
> demonstrate that a person acting under color of law deprived him of a federal
> right." *Berg v. County of Allegheny,* 219 F.3d 261, 268 (3d Cir.2000) (citing
> *Groman v. Twp. of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995)). Under
> the circumstances related by his complaint, Hagins cannot show the
> deprivation of a constitutional right through state action. As the District Court
> noted, Spina's representation of Hagins does not render Spina a "person acting
> under color of state law" under § 1983. *See Polk v. County of Dodson,* 454
> U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (a private attorney, even
> if appointed and paid for by the state, is not acting under color of state law
> when performing his function as counsel). Further, Spina's actions denied
> Hagins the  benefit of no identifiable constitutional right.

*Id*. at 119-120; *Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.

Based on *Hagins* and *Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa., we will recommend
that Plaintiff's action be dismissed with prejudice against both Defendants since it fails to state a
cognizable claim against them under §1983.  Neither Defendant is an entity of the  state and the
actions of Defendants simply did not deprive Plaintiff of any constitutional right.

Thus, even though Plaintiff indicates that his Complaint was filed, in part,  pursuant to 42
U.S.C.  §1983, he does not aver that his constitutional rights were violated by Defendants, namely,
a private attorney and a private law firm.  Additionally, Plaintiff does not state that he suffered any
constitutional violations as the result of conduct by any state actor Defendants.  Further, Plaintiff
has not named any state actor or state agency as a Defendant.  Moreover, a private corporation,

*i.e.* Schmidt & Kramer, P.C., is not a state agency. *See Jacobowitz v. M&T Mortgage Corporation*, 372 Fed. Appx. 225 , 227 (3d Cir. 3-24-10); *Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, 2009 WL 4051244 (M.D. Pa.)*; Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *6 (M.D. Pa.), the Court stated:

> Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under color of state law." *Id.* (quoting *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995))

*See Pitchfork v. Bor. of Munhall*, 631 F.Supp.2d 636, 651-52 (W.D. Pa. 2007); *Holmes v. Dreyer*, 2010 WL 3791360, *2 (E.D. Pa. 9-28-10); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010)(Per Curiam).

With respect to this state action requirement, it is well-settled that the conduct of a attorney, even an attorney representing a client in a criminal case, does not by itself rise to the level of state action entitling a prisoner to bring a federal civil rights actions against his own prior counsel. *See, e.g., West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Pete v. Metcalfe*, 8 F.3d 214 (5 th Cir. 1993); *Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa. Clearly, the named Defendants in this case are not a state actor and a state agency.

Thus, we find that this Court lacks subject matter jurisdiction over Plaintiff's case. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based upon the above, we find

that it would be completely futile and prejudicial to Defendants to allow Plaintiff to amend his pleading.  It is clear that Plaintiff simply cannot maintain his §1983 action against the Defendant attorney and the Defendant law firm since they are not a state actor and a state agency.  We find that Plaintiff's present claims against Defendants must be brought in a legal malpractice action which Plaintiff has to institute against Defendants in state court.

Further, insofar as Plaintiff is deemed as alleging that Defendants' failure to give him their $125,000 fee with respect to the settlement money deprives him of his property in violation of his civil rights, we construe Plaintiff as claiming, in part, that his action is for a constitutional violation under § 1983, namely, a violation of his Fourteenth Amendment due process rights.  Nonetheless, as discussed, we will recommend that such a claim be dismissed as against Defendant attorney since he is not a state actor and, as against Defendant law firm since it is not a state agency.  *See Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.; *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, * 1 (M.D. Pa.) (A private company is not an appropriate defendant in a § 1983 civil rights action because it is not acting under color of state law.)(citations omitted); *Jacobowitz v. M&T Mortgage Corporation*, *372* Fed. Appx. at 227 (M&T Mortgage Corporation was not a state agency). As such, no named party in this case is a proper Defendant under §1983. *See Hagins, supra*; *Shirazi v. Palissery*, Civil No. 11-0141, M.D. Pa.  Thus, we will recommend that Plaintiff's Complaint be dismissed with prejudice as against both Defendants since it fails to state any civil rights claims under §1983.  We also recommend a finding that any amendment of Plaintiff's Complaint would be futile based on the above cited cases.

12

Finally, with respect to Plaintiff's state law legal malpractice claim, tort claim, unjust enrichment claim and misrepresentation claim, since we shall recommend that Plaintiff's federal claim over which this Court has original jurisdiction (*i.e.* §1983 claim) not be permitted to proceed to trial, we shall also recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants.   28 U.S.C. § 1367(c)(3); *see also Verdecchia v. Prozan,* 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

## VII.  Recommendation.

Based on the above, it is respectfully recommended that Plaintiff Gould's Complaint **(Doc. 1)** be dismissed with prejudice as against both Defendants with respect to all of Plaintiff's §1983 claims.[6]   Additionally, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  It is also recommended that Plaintiff's Motion to Proceed *in forma pauperis* **(Doc. 2)** be granted solely for the purpose of filing this action.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 15, 2012**

---

[6]Pursuant to our above discussion, we find futility of any amendment of Plaintiff Gould's claims against Defendants, and we shall not recommend Plaintiff be granted leave to amend his pleading with respect to any of his claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY L. GOULD, JR., :  CIVIL ACTION NO. **4:CV-12-0852**
        :
   Plaintiff  :  (Chief Judge Kane)
        :
   v.   : (Magistrate Judge Blewitt)
        :
SCHMIDT & KRAMER, P.C.,  et al., :
        :
   Defendants  :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 15, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis

14

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: May 15, 2012**