IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY L. GOULD, JR., | : | |
| Plaintiff | : | No. 4:12-cv-0852 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| SCHMIDT & KRAMER, P.C., et al., | : | (Magistrate Judge Blewitt) |
| Defendants | : | |

## MEMORANDUM

Before the Court is Magistrate Judge Blewitt's May 15, 2012 Report and Recommendation, advising that Plaintiff's complaint be dismissed with prejudice. (Doc. No. 6.) Plaintiff filed objections to the Report and Recommendation on June 1, 2012. (Doc. No. 7.) For the reasons that follow, the Court will adopt the Report and Recommendation and will dismiss the complaint with prejudice.

**I.     BACKGROUND**

On May 8, 2012, Plaintiff Gregory L. Gould, Jr., an inmate at the State Correctional Institution at Rockview, filed a pro se complaint with the Court, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. (Doc. No. 1.) Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) The background of this matter is set forth in more detail in Magistrate Judge Blewitt's Report and Recommendation; however, the Court will briefly summarize the pertinent details. Plaintiff alleges that Defendants Schmidt & Kramer, P.C. and Scott B. Cooper, Esq. accepted a settlement on behalf of Plaintiff's minor daughter for the alleged wrongful death of her mother in a car accident without obtaining Plaintiff's consent. (Doc. No. 1 at 3-4.) Plaintiff raises a legal malpractice claim, as well as state-law claims of unjust enrichment and misrepresentation based on the attorney's alleged misrepresentation to the court that Plaintiff's

1

father was the child's guardian and approved the settlement.  (Id. at 1, 3.)  On May 15, 2012, Magistrate Judge Blewitt recommended that the complaint be dismissed with prejudice, pursuant to the screening requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), as it articulated only state-law claims over which this Court lacks jurisdiction.  (Doc. No. 6.)  On June 1, 2012, Plaintiff filed a set of objections to the Report and Recommendation.  (Doc. No. 7.)

## II.     STANDARD OF REVIEW

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify a Report and Recommendation, a Court must make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

## III.    DISCUSSION

In his Report and Recommendation, Magistrate Judge Blewitt recommended that the complaint be dismissed with prejudice, as Plaintiff failed to state a federal cause of action.  (Doc. No. 6.)  On June 1, 2012, Plaintiff filed objections to the Report and Recommendation.  (Doc. No. 7.)  First, Plaintiff argues that even if 42 U.S.C. § 1983 does not apply, the Court can still exercise jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 2072.  (Id. at 1-2.)  Next, Plaintiff contends that Defendants violated his Fourteenth Amendment due process rights, a claim over which he alleges the Court has jurisdiction.  (Id. at 3-4.)  Plaintiff also requests counsel, or to be given time to amend his complaint to sufficiently allege the Court's basis for exercising jurisdiction over the case.  (Id. at 8.)  Finally, Plaintiff argues "that he has already filed in the Court of [C]ommon [P]leas" as Magistrate Judge Blewitt recommended, and that "he has

exhausted all other state appeal avenues;" therefore, "[b]esides the U.S. Supreme Court this Hon. Court is the plaintiff's only avenue of redress." (Id. at 5, 8.) The Court will consider each of Plaintiff's objections in turn.

  **A. Subject Matter Jurisdiction**

In his Report and Recommendation, Magistrate Judge Blewitt recommended that Plaintiff's case be dismissed for lack of subject matter jurisdiction. (Doc. No. 6 at 8-13.) Plaintiff alleged in his complaint that the Court has jurisdiction over this case pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, or 28 U.S.C. § 2072.

   *1. 42 U.S.C. § 1983*

Regarding Plaintiff's assertion that the Court has jurisdiction pursuant to 42 U.S.C. § 1983, Magistrate Judge Blewitt explained that this case is not a Section 1983 civil rights action since there are "simply no state actors or agencies who allegedly violated any constitutional rights of Plaintiff." (Doc. No. 6 at 8.) In response, Plaintiff states that he already acknowledged in his complaint that he knew the Defendants were not state officials but "he was not sure what form to use in this matter." (Doc. No. 7 at 1.)

To state a cause of action under Section 1983, a plaintiff must establish that a person acting under color of state law violated a right secured by the Constitution or the law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). In other words, a plaintiff must establish that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, Plaintiff has failed to allege facts to support a finding that Defendants were acting under color of state law. In fact, he admits in both his complaint and his objections that

Defendants are "not state officials." (Doc. No. 1 at 1; Doc. No. 7 at 1.) Accordingly, the Court will adopt this portion of the Report and Recommendation, and dismiss with prejudice Plaintiff's Section 1983 claims.

### 2.    28 U.S.C. § 1331

Plaintiff also avers that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 7 at 1.) For a court to have jurisdiction pursuant to Section 1331, the action must "aris[e] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (citation omitted). A federal court may exercise jurisdiction only over those state-law claims that "implicate significant federal issues." Pennsylvania v. Eli Lilly & Co., Inc., 511 F. Supp. 2d 576, 579 (E.D. Pa. 2007).

Here, the Court cannot exercise federal question jurisdiction because none of Plaintiff's claims "aris[e] under the Constitution, laws or treaties of the United States." See 28 U.S.C. § 1331. Rather, Plaintiff has raised a legal malpractice claim. (Doc. No. 1 at 3-4.) This is not a federal claim, and should instead be filed in state court. Because Plaintiff's complaint does not raise any federal claims, the Court does not have jurisdiction pursuant to Section 1331.

### 3.    28 U.S.C. § 2072

Last, Plaintiff argues that this Court's jurisdiction could rest upon the Rules Enabling Act, 28 U.S.C. § 2072. (Doc. No. 7 at 1.) The Rules Enabling Act, which gives the judicial branch the power to promulgate the Federal Rules of Civil Procedure, requires that these rules "not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072. Plaintiff's argument with respect to the Rules Enabling Act lacks merit, as that act does not confer jurisdiction on federal courts.

### B.     Fourteenth Amendment Claim

Plaintiff also argues that Defendants' failure to give him their $125,000 fee with respect to the settlement money deprives him of his property in violation of his civil rights. (Doc. No. 1 at 1, 4.) Magistrate Judge Blewitt construed this argument as a claim that Defendants violated Plaintiff's Fourteenth Amendment due process rights. (Doc. No. 6 at 12.) While Plaintiff does not dispute that the Court lacks jurisdiction under 42 U.S.C. § 1983, he nonetheless contends that Defendants violated his due process rights. (Doc. No. 7 at 3-4.) However, the proper avenue for raising a Fourteenth Amendment due process claim is through Section 1983. As explained above, the Court finds that there is no basis for jurisdiction under 42 U.S.C. § 1983 because Defendants are not state actors. Therefore, this portion of the Report and Recommendation is adopted, and Plaintiff's Fourteenth Amendment claim will be dismissed.

### C.     Request for Counsel

Next, Plaintiff requests counsel or additional time to file an amended complaint. (Doc. No. 7 at 8.) Whether to appoint counsel rests in the sound discretion of the Court. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). However, "[i]f the district court

determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Because the Court finds that Plaintiff's federal claims lack merit, the Court will deny Plaintiff's request for counsel.

### D. Supplemental Jurisdiction

Lastly, Plaintiff contends in his objection that the Court must exercise jurisdiction over this case because it is his last resort, aside from the Supreme Court of the United States. (Doc. No. 7 at 8.) This Court cannot entertain this action simply because Plaintiff has exhausted his avenues for relief in state court; Article III courts are not appellate state courts. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005) (explaining the Rooker-Feldman doctrine). Because Plaintiff has not raised any federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

### IV.  CONCLUSION

Upon a de novo review of those portions of the Report and Recommendation to which Plaintiff objected, the Court finds that Plaintiff has failed to allege a federal cause of action. The Court does not have jurisdiction to review Plaintiff's state-law claims. While the Court is sympathetic to the challenges faced by pro se litigants, the Court lacks jurisdiction to afford Plaintiff any relief. For the reasons set forth in Magistrate Judge Blewitt's well-reasoned Report and Recommendation, Plaintiff fails to state a cognizable claim pursuant to Section 1983, and the Court does not have jurisdiction over Plaintiff's state-law claims. Any leave to amend would

be futile or result in undue delay. Thus, the Court will dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY L. GOULD, JR.,** | : | |
|     **Plaintiff** | : | No. 4:12-cv-0852 |
| | : | |
|     v. | : | (Chief Judge Kane) |
| | : | |
| **SCHMIDT & KRAMER, P.C., et al.,** | : | (Magistrate Judge Blewitt) |
|     **Defendants** | : | |

## **ORDER**

**AND NOW**, on this 20th day of June, 2012, **IT IS HEREBY ORDERED** that Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 6) is **ADOPTED** consistent with the foregoing memorandum, and Plaintiff's objections thereto (Doc. No. 7) are overruled. Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to close the case.

                                                    S/ Yvette Kane
                                                  Yvette Kane, Chief Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania